IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC., | ) |
|     Plaintiff, | ) Case No. _____ |
| v. | ) **COMPLAINT** |
| J&M MANUFACTURING INC., | ) **JURY TRIAL DEMANDED** |
|     Defendant. | ) |

**COMES NOW** Plaintiff, Unverferth Manufacturing Company, Inc. ("Unverferth"), by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, J&M Manufacturing Inc. ("J&M"), and hereby states as follows:

### NATURE OF THE ACTION

1.  This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, importation, sale and/or offer for sale by Defendant of its wagon products including, for example, the Gravity Wagon products.

### THE PARTIES

2.  Plaintiff Unverferth is a corporation organized and existing under the laws of the State of Ohio having a place of business at 601 South Broad Street, Kalida, Ohio 45853. Unverferth operates a manufacturing facility at 27612 Temple Ave., Shell Rock, Butler County, Iowa 50670, where it manufactures, among other things, its own wagons that are covered by the asserted patent.

3. Upon information and belief, Defendant J&M is a corporation organized and existing under the laws of the State of Ohio having a place of business at 284 Railroad Street, Fort Recovery, Ohio 45846.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant offers for sale and/or sells infringing products which are the subject of the patent infringement cause of action set forth herein.

6. Upon information and belief, Defendant has continuously and systematically offered for sale and/or sold infringing products, including the Gravity Wagon products, through dealers at numerous locations within this judicial district and the state of Iowa, including at least Titan Machinery in Center Point, Linn County, Iowa and Lynott Implement, Inc. in Hawarden, Sioux County, Iowa. Indeed, Lynott Implement, Inc. is currently advertising a new 2014 J&M 680SD Gravity Wagon for sale on its website in addition to other equipment manufactured by Defendant. Upon information and belief, Defendant also continuously and systematically targets customers in this judicial district and the state of Iowa through the dealer locator feature in its website, http://www.jm-inc.com, wherein customers in the Northern District of Iowa can search for their nearest dealer by inputting location information. Upon information and belief, in response to a query, the J&M website will list dealers located in this judicial district and display phone numbers, addresses, and driving directions from which the customer may purchase various J&M products, including the infringing Gravity Wagon products.

7. Upon information and belief, Defendant has purposely availed itself of the benefits and protections of the state of Iowa when it at least offered for sale and/or sold J&M products, including the infringing Gravity Wagon products, through dealers located in this state and judicial district, and also when Defendant entered into agreements with dealers located within the state of Iowa to offer for sale and/or sell various J&M products, including the infringing Gravity Wagon products.

8. This Court has both general and specific personal jurisdiction over Defendant. Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Upon information and belief, Defendant also derives substantial revenue from the sale of products, including those accused of infringement, that are placed into the stream of commerce for sale within this judicial district and the state of Iowa. Defendant expects, or is in a position reasonably to expect, its actions to have consequences within this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PATENT-IN-SUIT

10. On January 23, 2001, the United States Patent and Trademark Office ("the USPTO") duly and legally issued United States Patent No. 6,176,504 ("the '504 patent"), which is attached hereto as Exhibit A.

11. Plaintiff Unverferth is the owner of all right, title and interest in and to the '504 patent, including the right to sue for and recover all past, present and future damages for infringement of the '504 patent.

## DEFENDANT'S INFRINGING ACTS

12. Upon information and belief, Defendant manufactures, uses, sells, offers for sale and/or imports products in and/or into the United States that infringe at least claim 1 of the '504 patent under United States law. Non-limiting examples of Defendant's infringing products include the Gravity Wagon products (the "infringing products"), such as Models 440SD, 540SD, 680SD, 760SD, and Bolt Together GW15t-1.

13. Upon information and belief, the infringing products include a wagon having a pair of wheels at opposed ends, a tongue connected to a frame of the wagon, where at least one of the pair of wheels is steerable to right and left sides and connected to a portion of the tongue, a longitudinal frame member on each side of the wagon, where the steerable wheels are completely outside the longitudinal frame members when oriented in a straight running direction, and an inwardly oriented indentation on each longitudinal frame member, where each indentation allows the steerable wheel to be turned so that a trailing edge of the steerable wheel is positioned inwardly with respect to an outer edge portion of a corresponding longitudinal frame member.

## COUNT 1
### (INFRINGEMENT OF THE '504 PATENT)

14. Plaintiff repeats and realleges the allegations of Paragraphs 1 to 13 above, as if set forth herein.

15. Upon information and belief, Defendant has infringed and is infringing at least claim 1 of the '504 patent by making, using, offering for sale and/or selling the infringing products, and will continue to do so unless enjoined by this Court.

16. Plaintiff has been marking its patented wagons and identifying the patent number of the '504 patent since at least early 2008. Upon information and belief, Defendant had at least constructive notice about the '504 patent since early 2008.

17. Upon information and belief, Defendant has induced others including its agents, distributors, resellers, dealers and customers, to infringe at least claim 1 of the '504 patent by making, using, offering for sale and/or selling the infringing products, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendant induced others to infringe at least claim 1 of the '504 patent despite knowing of the '504 patent and knowing that the sales and offers for sale of the infringing Gravity Wagons constituted infringement.

18. Upon information and belief, Defendant has known about the '504 patent, but acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and/or that it knew or should have known that its actions demonstrated infringement of a valid patent. Accordingly, Defendant's acts of infringement from at least early 2008 constitute willful infringement of the '504 patent.

19. Defendant's infringement of the '504 patent has damaged Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiff as follows: (a) the '504 patent is directly infringed by Defendant; (b) the '504 patent is indirectly infringed by Defendant; (c) Defendant's infringement of the '504 patent has been willful; (d) Defendant be permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '504 patent; (e) Plaintiff be awarded damages adequate to compensate it for Defendant's infringement of the

'504 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284; (f) this case is exceptional within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Plaintiff; and (g) granting Plaintiff such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: October 23, 2014

>Respectfully submitted,
>
>*/s/ Michael A. Dee*
>Michael A. Dee AT0002043
>BROWN, WINICK, GRAVES, GROSS,
>BASKERVILLE AND SCHOENEBAUM,
>P.L.C.
>666 Grand Avenue, Suite 2000
>Des Moines, IA 50309-2510
>Telephone: (515)242-2451
>Fax: (515)242-2488
>Email: mdee@brownwinick.com
>
>OF COUNSEL:
>
>Joseph A. Hynds
>Derek F. Dahlgren
>Peter J. Park
>ROTHWELL, FIGG, ERNST & MANBECK,
>P.C.
>607 14th St., N.W., Suite 800
>Washington, DC 20004
>Phone:    (202) 783-6040
>Facsimile: (202) 783-6031
>jhynds@rfem.com
>ddahlgren@rfem.com
>ppark@rfem.com
>
>**ATTORNEYS FOR PLAINTIFF**
>**UNVERFERTH MFG. CO., INC.**