# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC., <br><br> Plaintiff, <br> vs. <br> J&M MFG. CO., INC., <br><br> Defendant. | No. C 14-3062-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR OTHER RELIEF** |

_____

This patent infringement case is before me on the March 13, 2015, Motion For Protective Order (docket no. 22), by defendant J&M Mfg. Co., Inc. (J&M). I asked the Clerk of Court to redocket this motion as a Motion For Stay Of Discovery And Other Relief, because J&M seeks an order staying discovery pending an early *Markman* hearing coupled with early summary judgment. J&M argues that it would be inefficient and costly for this case to proceed pursuant to the typical progression and timeline for patent infringement actions. J&M argues that this is so, because this action is retaliatory, where the parties are involved in other patent litigation in Illinois, and where no discovery is necessary for the court to conclude that J&M's accused products, which have been on the market for several years, simply do not infringe Unverferth's U.S. Patent no. 6,176,504 (the '504 patent).

Unverferth filed a Resistance (docket no. 23), on March 30, 2015. Unverferth argues that its infringement allegations, under both literal and doctrine of equivalents theories, are meritorious, so that J&M is unlikely to prevail on its non-infringement contentions at summary judgment. Unverferth also argues that discovery is necessary

for the parties to fully address each other's positions concerning claim construction and infringement, as well as J&M's patent validity contentions. Moreover, Unverferth argues that short-circuiting the scheduling order, to which J&M agreed without any indication that it would seek expedited proceedings, is not appropriate, because doing so will result in piecemeal litigation.

J&M filed a Reply (docket no. 27), on April 9, 2015, arguing that the inevitable non-infringement ruling will resolve all issues in the case, preventing piecemeal litigation. J&M explains that it simply did not think of streamlining the case until after the parties had reached agreement on the scheduling order, but that very little progress has actually occurred in the case since that time. On April 17, 2015, with leave of court, Unverferth filed a Sur-Reply (docket no. 32), asserting that J&M relies on its own engineer's self-serving testimony and selection of supporting evidence to support its contention that summary judgment of non-infringement is inevitable, but no discovery has yet occurred and J&M is not even fully informed by Unverferth's infringement contentions.

It is true that J&M has cited a few cases in which federal district courts have concluded that limited or no discovery before early summary judgment motions was appropriate in patent cases involving mechanical patents, such as the patent at issue here. *See IPVX Patent Holdings, Inc. v. Voxernet L.L.C.*, No. 5:13-cv-01708 HRL, 2014 WL 3074296 (N.D. Cal. July 3, 2014); *Famosa Corp. v. Gaiam, Inc.*, No. 11 Civ. 5703 (KBF), 2012 WL 573999 (S.D.N.Y. Feb. 22, 2012). I believe that a broader consideration of the standards for departing from deadlines set in an agreed scheduling order, and for staying or limiting discovery, is appropriate.

I note that the Federal Circuit Court of Appeals has observed, "In general, '[w]e review the district court's denial of additional discovery, an issue not unique to patent law, for abuse of discretion, applying the law of the regional circuit.'" *DDB Techs., L.L.C. v. MLB Adv. Media, L.P.*, 517 F.3d 1284, 1292 (Fed. Cir. 2008) (quoting *Digeo,*

2

*Inc. v. Audible, Inc.*, 505 F.3d 1362, 1370 (Fed. Cir. 2007)). As our regional circuit has explained,

> District court discovery decisions are reviewed for abuse of discretion. *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir.2009). "A district court has very wide discretion in handling pretrial discovery and [this court is] most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir.1977).

*U.S. ex rel. Kraxberger v. Kansas City Power and Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014).

I recently observed,

> The rules of discovery authorize broad discovery. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). For purposes of pretrial discovery, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388, 394 (N.D.Iowa 2009) (quoting *Rolscreen Co. v. Pella Prods.*, 145 F.R.D. 92, 94 (S.D.Iowa 1992)).

*Daniels v. City of Sioux City*, 294 F.R.D. 509, 512 (N.D. Iowa 2013). In that case, I concluded that there was no reason that these principles should apply to a lesser degree

in a section 1983 case, *id.*, and I find that there is no reason that these principles should apply to a lesser degree in a patent case, such as this one, either.

A party asserting that limitations on discovery would be an abuse of discretion must ordinarily show some need for the discovery and prejudice from the limitations. *Government of Ghana v. ProEnergy Servs., L.L.C.*, 677 F.3d 340, 345 (8th Cir. 2012); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 794 (8th Cir. 2009); *see also* FED. R. CIV. P. 56(d) (a party seeking discovery before responding to a motion for summary judgment must show that the facts sought are necessary to support its opposition). I have also expressly recognized the relevance of the factors identified in Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure to the determination of whether limitations on discovery are justified. *Scott v. City of Sioux City*, 298 F.R.D. 400, 402 (N.D. Iowa 2014). Those factors are whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii); *see also* FED. R. CIV. P. 26(c)(1) (authorizing the court to limit or bar discovery, for "good cause," to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense"). Another factor relevant, here, is that the parties proposed, and on February 11, 2015, the court entered, a Scheduling Order, Discovery Plan, And Order On Miscellaneous Pretrial Matters (docket no. 17), which was specifically tailored to a patent infringement case. Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause." FED. R. CIV. P. 16(b); *and compare* FED. R. CIV. P. 26(c)(1) (authorizing the court to limit or bar discovery, for "good cause," to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense"). I believe that this "good cause" requirement applies, whether the

requested amendment is to extend the deadlines in the scheduling order, which is the usual circumstance, or to shorten or otherwise alter those deadlines.

While I am sympathetic to J&M's desire to resolve this case quickly and inexpensively, I do not find that it is appropriate to stay discovery or to expedite the *Markman* and summary judgment deadlines in the Scheduling Order. First, J&M may believe that the non-infringement issue is "clear cut" or not open to reasonable argument, but it has been my experience that parties in patent infringement actions always believe that their position on infringement is unassailable. I am unwilling to accept J&M's assessment on the basis of its one-sided showing with its present motion, prior to any specification of alleged infringement or any adequate discovery on and formulation of the proper constructions of pertinent claim terms. Indeed, J&M agreed to the current Scheduling Order, and if non-infringement of the patent-in-suit were so obvious, J&M could reasonably be expected not to agree to those deadlines and to request expedited proceedings, instead. Thus, I find that that the "needs of the case," "the importance of the [claim construction and infringement] issues at stake in the action," and "the importance of the discovery in resolving the issues," *see* FED. R. CIV. P. 26(b)(2)(C)(iii), weigh strongly against staying discovery or amending the present Scheduling Order. I also find that J&M has not shown that the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* (also considering this factor). Furthermore, I find that the present deadlines in the Scheduling Order provide for the fair and reasonable determination of the issues unique to patent litigation and that J&M has not shown good cause for short-circuiting the process or timing of the various events in that process set out in the Scheduling Order. To put it another way, I believe that short-circuiting the process set out in the Scheduling Order presents a very real possibility of fundamental unfairness in this case, *see Kraxberger*, 756 F.3d at 1082, that Unverferth has shown a legitimate need for discovery and potential prejudice from proceeding without it, *see*

*ProEnergy Servs., L.L.C.*, 677 F.3d at 345, and that staying discovery and expediting other deadlines would not fulfill the purpose of the discovery rules of providing both parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement. *See Daniels*, 294 F.R.D. at 512

THEREFORE, defendant J&M's March 13, 2015, Motion For Protective Order (docket no. 22), redocketed as a Motion For Stay Of Discovery And Other Relief, is **denied**. This case will proceed pursuant to the existing discovery process and deadlines set out in the February 11, 2015, Scheduling Order, Discovery Plan, And Order On Miscellaneous Pretrial Matters (docket no. 17).

**IT IS SO ORDERED**.

**DATED** this 6th day of May, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA